as a valid claim. It should be able to assert that claim. It's as a matter of logic. Either the first claim is valid, in which case the second claim is moot, or if the first claim was not valid as determined by the Court of Federal Claims below, at that particular point litigation of that claim ended, the claim was a nullity, there was no claim, and therefore what is submitted in July 2011 is the only claim. And NORTHROP should be able to proceed as a matter of law. Well, how can you say that first claim was a nullity once the Court of Federal Claims ruled when the whole first case, I mean the last half hour, was dealing with this first claim which our court may indeed resurrect. So how can you kind of call it a nullity when it's still at issue? It's still clearly in play. That's why we're all here for the first half hour of arguments this morning. Well, it's NORTHROP Grumman's position that it's not a nullity, but based on the ruling of the Court of Federal Claims, NORTHROP Grumman never submitted a valid claim in the first instance, and that dismissal... That decision is a final. It's on appeal. It's on review. The question is still in play. It's still a live question, right? It's a live question, but at this particular juncture, until this Court reinstates the claim, the court below has determined in a final decision the litigation ended with respect to the merits of the claim at that particular moment when the court determined that there was no claim. NORTHROP Grumman is not obligated to file an appeal. Once that litigation ended, there could be no claim, and the notice of appeal can't... In and of itself does not reinstate the claim. All it is is a legal argument as to whether a claim exists, and until this Court determines that a claim existed, at that particular point, there's no claim. No, it's the judgment that's been appealed. The Court of Federal Claims said there was no jurisdiction, and the judgment, that judgment is still alive and well. That's why we're still here. That's not complete. It's not final. But the litigation of the claim, the judgment is the subject of this appeal. Northrop Grumman's position is that it doesn't make sense that... First of all, if that judgment enters and Northrop Grumman does not file an appeal, it shouldn't prevent Northrop Grumman from submitting a claim during the next 60 days, even though, as you said, we'd still have an opportunity to file a notice of appeal, because at that particular point, there is no claim pending. There's been no judgment on the merits on the claim. That's correct. And that's what's open. What's open is a question as to the subject matter of jurisdiction. The contracting officer said, look, I can't issue a final decision on the merits here when we still have this other case that's pending. Except that, again, that's dependent upon... That's where the random timing of what the contracting officer does becomes relevant, because before Northrop Grumman filed a notice of appeal, it would seem to me that these arguments suggest that the contracting officer would not have jurisdiction during that 60-day period, and that makes no sense if Northrop Grumman doesn't file a notice of appeal. So whether the contracting officer has jurisdiction should not be dependent upon whether Northrop Grumman does file a notice of appeal. If the contracting officer has jurisdiction immediately following the dismissal of the first action, filing the notice of appeal doesn't reinstate the claim. It doesn't reinstate the merits of the claim. That doesn't occur until some time down the road. And if Northrop's forced to do this because of a statute of limitations concern, is that the moving force here? Because if you had let the first case play out and you lose, it's too late for you to go back to the contracting officer with a modified claim? That's correct, because the claim arose in the end of September 2005. The case was scheduled for trial in June of 2011. The government waited until May of 2011 to bring its motion to dismiss, and at that point only five months remained in the statute of limitations. And that's why Northrop Grumman proceeded as it did. And with respect to those sort of equities, to the extent they play into this at all, as the Court of Federal Claims pointed out, the government has known, certainly since it's in the summary judgment opinion, that there was financing here, and what those financing documents were. And as the Court of Federal Claims points out, representatives of Citizens Bank attended the deposition. So the government knew, but the government waited until the last possible moment. Luckily for Northrop Grumman, the trial was scheduled before the end of the statute of limitations. Otherwise, they would have been barred from bringing this other claim. Again, as the Chief pointed out at the beginning of this, though, this whole question is moot. If the other claim is alive, then this one, what, just falls out, right? That's correct, and that is the point Northrop Grumman makes in his brief, that as a matter of logic, the only possible choices from Northrop Grumman's perspective are either the first claim was proper, and then the second claim is moot, or if the first claim is a nullity, then the second claim, the second submission, should be held as valid. And there's no scenario where both submissions would be valid, but there also shouldn't be any result where neither submission is valid. Northrop Grumman has a valid claim, and basically the government's trying to find refuge in bureaucracy here to prevent Northrop Grumman from pursuing a valid claim. And it's Northrop Grumman's position that it shouldn't be in that position, and therefore Northrop Grumman would respectfully request that this Court, to the extent it doesn't reverse the first appeal, reverse the decision here and allow Northrop Grumman to proceed with the merits of his claim. Thank you, Mr. Eisenberg. Thank you. Ms. Tansen. May it please the Court. The trial court correctly concluded that the contracting officer didn't issue a final decision on Northrop's July 20, 2011 purported claim and had no authority to issue one. I assume you don't disagree with your friend on the other side that this issue becomes moot if we reverse on the first case. Your Honor, one thing that Northrop isn't accounting for is that under its own, and under its reasoning here, the contracting officer should have determined, made a decision on the claim. That is what they're basically arguing. And if the contracting officer had made such a decision, it would have clearly been in conflict with the ongoing litigation here. It would have, the contracting officer could have even made an award. Then what would have happened then when the Court, say the Court reversed and the trial court then considered the issue of a breach? It's still worth considering whether this type of a situation could ever play out. An advisory opinion? If the Court reverses, I believe it probably would be in that case. We don't do that usually. But if there's any need to consider the issues, for one point, Northrop keeps pointing out that the financing arrangements were in some way hinted at. However, the term sponsorship, the purchase and assignment agreements were never provided prior to... So we're talking about the second claim now. And in the second claim, that information was provided. Your Honor, I was referring to the first claim. I know. I'm taking you to the second claim. In the second claim, actually, Northrop didn't use the word sponsorship. But it disclosed that Citizens Bank was providing financing. It was a financing arm. Correct, Your Honor. But you argue it's the same claim, right? Yes, Your Honor, because it's basically seeking the same money... Then it's not a new claim when the financing information is presented. No, Your Honor, it basically... If it's the same claim, you lose the first case, right? No, Your Honor. It's the same claim as the one that they are bringing in the Court of, that they revealed in the Court of Federal Claims that it's a sponsorship. But you said it's the same claim. It is in... Regardless of whether they presented the financing information, which we've been through this. The Anti-Assignments Act kind of takes that out of play anyway. It takes... I'm sorry, Your Honor, the Anti-Assignments Act... I'm asking you again to give us some explanation of how it can be the same claim and you don't lose. The amount of money sought and the basic description is largely the same. It refers to the financing, but it has argued in the trial court that that was a mistake to use that term. Of course, that was in... I think to me, when you argue this is a same claim, you're really kind of against yourself in the first case. How can you argue that the first claim doesn't exist? It was a legal nullity to the point where there's no subject matter jurisdiction. And because X information was not included in that first claim, it was legally not a claim. Now they filed the second claim. It's got that information in it. Not the sponsorship portion. Well, it may not use the word sponsorship. That's what you want to see in there. But it does disclose the information that initially was said to have been lacking from the first claim. So how can those two claims be... How can you argue that they're the same claim? They are seeking the same amount of money. The fact that they're moving back and forth between the use of the term sponsorship and then presenting the same request for money without the term sponsorship and with a little extra information about its agreements with ESE and Citizens doesn't make the same basic facts that we now know be any different. The court has... Well, that's what Mr. Eisenberg has been arguing for a half hour. Can I just ask you, on the issue before us, is your view, is it Section 516, when does the clock stop running? You're saying it's still alive. The appeal is still alive. You disagree with him. Is it when the time for cert expires in connection with an appeal of that case? That would be our reading of 28 U.S.C. 516, is that in the time between a decision by the trial court and the filing of a notice of appeal, there are still many reasons that 516 would be implicated. The Department of Justice should have exclusive control over negotiation, compromise, and litigation. But you're not saying the cutoff is the filing of the notice of appeal to this court. You're saying that it's when the case, the ongoing case, has run its full course, which would take us to the time when the time for filing for cert has expired. Yes, Your Honor, that's correct. So the other side therefore must be correct, right, that they'd have a statute of limitations problem at the end of the day because clearly the time would have expired for refiling with the CO, right? Yes, Your Honor, but they of course had the option, as Your Honor noted, to simply resubmit a claim to the contracting officer, as the trial court pointed out, rather than attempting to have it go through. So how could they ever? I mean, isn't that the classic case, therefore, of evading review? This question, always evading review. Because if they're faced with the choice of withdrawing, essentially, and dismissing the case, they're never going to be able to get review of this issue. In the time frame when, well, they could get review of the issue, but they simply wouldn't be able to file with the contracting officer again because... Yes, so they face the choice of, in order to proceed with litigating an issue, which they have every right to do, they're faced with the choice that if they lose, the time for filing the revised claim is going to have to be expired, right? Has expired. Am I right about that? It's true that the time period would run out before the court's decision would be made. However, had the sponsorship been revealed in the initial filing in 2004, I believe, with the contracting officer, we wouldn't have had these problems. The contracting officer would have considered that. Yeah, obviously. I mean, I don't think there's any dispute about that, but the fact is that the question that's presented to this court in the first appeal, therefore, under your view, can only be presented if the contractor decides, I'm going for all, this is an all or nothing game, and I'm going to lose my right to ever pursue this contract if I decide to litigate it and I lose, right? Right, Your Honor. But does that seem like the right way to go on these cases? Well, there are two choices. They do have a choice, go to the contracting officer, go to the federal circuit, and the choice that was made here was to do both. And according to the trial court, it should have been to go to the contracting officer. Then it would have been filed. Well, if they had done that, under the government's view of the second case, if they had done that, we would never be getting an appeal of the legal question presented in the first appeal in this case, right? Not in this kind of a case where the statute of limitations was. That's what's likely to be the case in any case. I mean, you've got a six-year clock, right, for running a CO. How many cases do you know go from that time through the Court of Federal Claims, through our court, running of the cert petition within the six-year period? Not many, right? Generally, a contractor would have revealed operative facts at an earlier stage. And, again, would have revealed the sponsorship, wouldn't have left it out of the claim to the Court of Federal Claims. I'm talking about the case where he hasn't, and he's asking us to review whether or not that's a necessary requirement. And I'm talking about how we ever get that issue if the contractor is faced with the Hobson's choice of seeking review and, therefore, losing his ability to revise his claim and proceed with his claim. The alternative, Your Honor, is to have the situation where the contracting officer is going to have a claim before him that is going to, his consideration will duplicate this court's consideration. Your answer is that he should always follow what the government's position is, in this case, he's required to do. I get that. To file with the contracting officer. It would certainly result in some administrative chaos, conflicting decisions. If the contracting officer were to, say, award damages on a claim while the claim is still pending before this court,  having to make decisions on the same issues, it would certainly defeat the government's ability to engage in negotiations or settlement if the contracting officer also had that authority at the same time. As to Northrop's point that there's no claim at all, that it's a nullity, that's the trial court's decision, but whether they're still pursuing a claim is important for the purpose of determining whether the Department of Justice has authority. In Reliance Insurance, the court called the claim in terms of litigation still a claim even after it found no jurisdiction. Another question from Charmin, again, it's the same claim when both asserted the entitlement to the same money based on the same performance. For that reason, it appears to be the same claim. Again, the issue of rendering the Court of Federal Claims review moot, according to Peterson Builder's Court of Federal Claims case, if the contracting officer were able to go ahead with a consideration of this later claim, it would render the Court of Federal Claims review moot. So by Peterson Builder's reasoning, it would appear that this court's review of the first appeal is the one that would be mooted under Northrop's reading of the different Charmin and other authorities. As for the nullity argument, as for the argument that Northrop seems to be arguing that the contracting officer was revested with authority during the time between the judgment and the filing of the notice of appeal, but this is just a hypothetical world. In the real world, the contracting officer's decision wasn't made until after the filing of the notice of appeal, and the contracting officer had to consider the situation at the time, and in determining jurisdiction, the trial court considered the factual situation at the time of the contracting officer's decision, which was that litigation was being pursued in this court. And in any event, the hypothetical argument is an argument that was raised for the first time upon appeal. It doesn't appear in Northrop's response to the trial court's order to show cause. And again, the claim that Northrop attempted to bring in 2011, in July, cannot be considered a claim because to submit a claim, a contractor must commit the claim to a contracting officer and yield to his authority to make a final decision. That's in DACO construction. And a claim of right is required. It's not a request for grace, the Jobar decision pointed out. In this case, that is what Northrop was seeking, was simply to get a claim in so that it wouldn't face these statute of limitations issues. However, they clearly weren't seeking a final decision from the contracting officer. They were seeking a final decision from this court and the Court of Federal Claims if there were a remand. And for these reasons, we request that the court affirm the decision of the trial court. Thank you, Mr. Stanton. And Mr. Eisenberg, you have plenty of time if you need it. I have a few points, Your Honor. In terms of the representation of the Department of Justice, Northrop Grumman does not dispute that the Department of Justice appropriately represents the government on this appeal, appropriately represents the government before the Court of Federal Claims. The issue, however, is, I believe, phrased by Charman, which is whether there is a claim in litigation at this particular moment or at the moment when Northrop Grumman submitted its claim. And as the government points out, the claim itself is the amount of money sought and the performance issues. The government contends and has argued here that those are the same. The amount of money sought and the performance issues, those have not changed from its first submission in July of 2006 or its second submission. And that is what constitutes the claim. So, you know, under the government's argument, we shouldn't even be here on this second appeal. In terms of the contracting officer being able to evaluate the merits of the claim, to the extent the contracting officer... I think the first question I asked you is, do we need to have two appeals? You said yes. Now you're saying no. Well, I'm saying we only need two appeals. You should have said at the outset, no, we won't need the second one if you rule correctly in the first one, right? That's correct. That's our position here. But I still don't know how the court is going to rule. That's true. So that's why I feel we need both appeals. Okay, I understand. So it's our position that Charman, the issue in Charman, the merits of the claim was being litigated in the trial court when the same claim was submitted to the contracting officer. That's entirely different from a case where there's been a jurisdictional dismissal because what the Court of Federal Claims found was that a proper claim was never submitted to the contracting officer. So it would be Northrop Grumman's position that there is no claim in litigation after the first dismissal until this court reinstates the claim, if this court were to do that. In terms of the contracting officer being able to evaluate the merits of the claim to the extent the contracting officer passed on the claim because of the notice of appeal that was filed, there is precedent that if the case goes back, the second appeal goes back to the Court of Federal Claims,  and that would give the contracting officer ample opportunity. Further, it's a mystery to Northrop Grumman how something the contracting officer would do after the first dismissal would be in conflict with anything that the Department of Justice would do because the Department of Justice at this particular moment is not evaluating the merits of the claim because the merits of the claim, according to the Department of Justice, are not in play at this particular moment. So the only place they would be in play is before the contracting officer from June 2011 forward. In terms of the question always evading review, Northrop Grumman agrees with that position and suggests as well that the National Neighbors is also somewhat instructive on that point because in the National Neighbors case, even though it's an election doctrine case, the issue was whether one contractor could proceed both before the board and the Court of Federal Claims if the court would determine that the proceeding before the board was improper or filed too late. And similarly, so they were allowed to preserve both opportunities in that case as a matter of equity, even though only one of them ultimately would be heard. And that's the same here where Northrop Grumman has presented a second claim, but only one of those claims ultimately will be heard. So the same equities that favored the National Neighbors ruling and favored the contractor being allowed to proceed in both forms until a final determination was made, favors allowing Northrop Grumman to proceed in this case. For those reasons, Northrop Grumman respectfully requests that if this court does not reverse the holding of the Court of Federal Claims in the first appeal, that this court reverse the holding of the Court of Federal Claims in this appeal and allow either way Northrop to proceed with the merits of this claim. Thank you.